**Magdalena Ortiz ORELLANA,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–74865.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Office of Immigration Lit., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

---

1. All other pending motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

340

MEMORANDUM **

Magdalena Ortiz Orellana, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's order denying her application for asylum.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

When, as here, the BIA affirms the IJ's decision without opinion, this court's review focuses on the merits of IJ's decision. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). The IJ's decision that an immigrant has not established eligibility for asylum is reviewed for substantial evidence, a deferential standard under which it must be upheld unless the evidence compels a contrary result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir. 2004).

Ortiz Orellana has failed to demonstrated that the mistreatment she suffered rose to the level of persecution on account of a protected ground. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) ("Threats standing alone ... constitute past persecution in only a small category of cases and only when the threats are so menacing as to cause significant actual suffering or harm."); *see also Marcos v. Gonzales,* 410 F.3d 1112, 1116, 1119 (9th Cir.2005) (concluding that petitioner's testimony that he had received radio and telephone threats, sometimes as often as three to five times day, was insufficient to compel finding of past persecution).

Moreover, Ortiz Orellana has not established that the threats she received or the attack on her and her brother were perpetrated by the government or by a group the government was unable or unwilling to control. *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The IJ also denied Ortiz Orellana's application for withholding of removal and for protection under the Convention Against Torture ("CAT"). Because she does not pursue an appeal of the denial of hers CAT claim, we decline to consider it here. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259069 (9th Cir.1996). However, because an application for asylum is deemed to constitute an application for withholding of removal, *see Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004), Ortiz Orellana's withholding claim is not necessarily waived, *see Ndom v. Ashcroft,* 384 F.3d 743, 750 (9th Cir.2004). Nevertheless, because we conclude that Ortiz Orellana has not established eligibility for asylum, it follows that she has not satisfied the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).